Zack Duffly (OR SBN 143109)
zack@pcrlo.org
PORTLAND CIVIL RIGHTS LAW OFFICE
PO Box 82544
Portland, OR 97282
503-893-4360
503-841-6117

Attorneys for Plaintiffs
*(Additional Plaintiffs' attorneys listed on the following page)*

Tracy Reeve, OSB # 891123
Tracy.Reeve@portlandoregon.gov
J. Scott Moede OSB #934816
Scott.Moede@portlandoregon.gov
Linda Law OSB # 943660
Linda.Law@portlandoregon.gov
Kenneth McGair OSB # 990148
Ken.McGair@portlandoregon.gov
PORTLAND CITY ATTORNEY'S OFFICE
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
503-823-4047

Attorneys for Defendant
*(Additional Defendant's attorneys listed on the following page)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| ALLEN HINES, TESS RAUNIG, and CAROLEZOOM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PORTLAND,<br><br>Defendant. | Case No.: 3:18 cv-00869-HZ<br><br>**CLASS ACTION**<br><br>ORDER (1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT; (2) GRANTING CERTIFICATION OF SETTLEMENT CLASS; (3) DIRECTING NOTICE TO THE CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING |

Linda M. Dardarian (CA SBN 131001)*
ldardarian@gbdhlegal.com
Katharine L. Fisher (CA SBN 305413)*
kfisher@gbdhlegal.com
Ginger L. Grimes (CA SBN 307168)*
ggrimes@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
510-763-9800

Timothy Fox (CO SBN 25889)*
tfox@creeclaw.org
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
104 Broadway, Suite 400
Denver, CO  80203
303-757-7901

Attorneys for Plaintiffs


Kymberly K. Evanson, WSBA # 39973*
kymberly.evanson@pacificalawgroup.com
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA  98101
206-245-1700

Attorneys for Defendant


*Admitted *pro hac vice*

**ORDER**

The Parties have applied to the Court for an order preliminarily approving the settlement of this action in accord with the Proposed Consent ("Decree"), which sets forth the terms and conditions of a proposed settlement and dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the Decree throughout its term. Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS the Parties' Joint Motion for Preliminary Approval of Class Action Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

This Court grants the Parties' Joint Motion for Class Certification, certifying a class for declaratory and injunctive relief. The Court finds, for purposes of settlement only, and conditioned upon the entry of this Order and the Final Judgment and Order Approving Settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; and (f) the City acted or refused to act on grounds that apply generally to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class. Accordingly, the Court hereby certifies the proposed

settlement class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), and appoints named Plaintiffs and their counsel as representatives of the Settlement Class.

2. The Court hereby preliminarily approves the Decree. The Court finds on a preliminary basis that the Decree is fair, adequate and reasonable to all potential Class Members. It further appears that extensive evaluation of the merits has been conducted such that Counsel for the Parties are able to reasonably evaluate their respective positions. It also appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further prosecution of issues either in the current or separate litigation proceedings which are addressed by the Decree. It further appears that the Decree has been reached as the result of good faith, prolonged, serious, and non-collusive arms-length negotiations.

3. The Court hereby approves, as to form and content, the proposed Notice, attached as Exhibit B to the Decree. The Court finds that the distribution of the Notice in the manner and form set forth in the Decree meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). This Notice is the best practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Parties shall submit declarations to the Court as part of their Motion for Final Approval of the Class Action Settlement confirming compliance with the notice provisions of the Decree.

4. A hearing on final approval of the Decree ("Fairness Hearing") shall be held before the Court on a date to be set by the Court to determine all necessary matters concerning the Decree, including whether the proposed Decree's terms and conditions are fair, adequate, and reasonable, and whether the Decree should receive final approval by the Court, as well as to rule

on Class Counsel's motion requesting an award of reasonable attorneys' fees, costs and expenses.

5.      Objections by Class Members may be submitted to Class Counsel no later than forty-five (45) calendar days after notice by newspaper publication has begun. Any Settlement Class Member may object to any aspect of the proposed Decree either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the proposed Decree may serve on Class Counsel a written statement of objection no later than forty-five (45) calendar days after notice by newspaper publication has begun (the "Objection Deadline"). Such statement should include: (a) the name, address, and, if available, telephone number and e-mail address of the Class Member objecting and, if represented by counsel, of his or her counsel; (b) a statement of the Class Member's objections; and (c) a statement of his or her membership in the Settlement Class.

6.      Any Class Member who wishes to object to the proposed Decree may also present objections at the Fairness Hearing.

7.      The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objection to the Decree, in accordance with the due process rights of all Settlement Class Members.

8.      Class Counsel shall provide copies of any objections to Defendant's counsel within two (2) court days of receipt. Class Counsel shall also file any objections, as well as any responses to any timely-filed objections, with the Court no less than fourteen (14) days before the Fairness Hearing; the City may file any responses to any timely-filed objections with the Court no later than fourteen (14) days before the Fairness Hearing.

9. Pending the Fairness Hearing, all proceedings in this Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Decree and this Order, are hereby stayed. Additionally, the Court enjoins all Settlement Class Members from asserting or maintaining any claims to be released by the Decree until the date of the Fairness Hearing.

10. In accordance with the above, the Court adopts the following schedule:

a. Within ten (10) calendar days after entry of the Order Granting Preliminary Approval, Class Counsel shall mail, via U.S. mail and/or email, the Notice in the form of Exhibit B to the Decree to all organizations identified in Exhibit C to the Decree.

b. Within twenty (20) calendar days after entry of the Order Granting Preliminary Approval, Notice in the form of Exhibit B to the Decree shall be posted by Class Counsel on a case-specific website established by Class Counsel. The City shall post the Notice on the City of Portland's official website, where it shall remain posted for four (4) consecutive weeks.

c. Commencing within thirty (30) calendar days after entry of the Order Granting Preliminary Approval, the City shall cause to be published Notice in the form of Exhibit B to the proposed Decree in The Portland Tribune and The Oregonian once each week for four (4) consecutive weeks.

d. Each Class Member shall be given a full opportunity to object to the proposed Settlement and Class Counsel's request for an award of reasonable attorneys' fees, expenses, and costs, and to participate at the Fairness Hearing. Any Class Member seeking to object to the proposed Settlement may submit an objection to Class Counsel in writing, via regular or electronic mail, or by leaving a message with their objection via telephone on any toll

free number established by Class Counsel, or may appear at the Fairness Hearing to make the objection, as set forth hereinabove. Any Settlement Class Member who wishes to object to the proposed Decree must do so no later than forty-five (45) calendar days after notice by publication has begun.

       e.      Fourteen (14) calendar days prior to the objection deadline, Plaintiffs shall file a Motion for an Award of Reasonable Attorneys' Fees, Expenses, and Costs. The hearing on that Motion shall be concurrent with the Fairness Hearing.

       f.      The Parties shall file a Joint Motion for Final Approval and may respond to objections, if any, no later than fourteen (14) calendar days prior to the Fairness Hearing. All parties shall file statements of compliance with notice requirements.

       g.      The Fairness hearing shall be held on Monday, September 24, 2018 at 10:00 a.m. in Courtroom 14B of the United States Courthouse.

11.     In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Decree, or the Decree is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the Decree and all orders and findings entered in connection with the Decree and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

This Order shall not be construed or used as an admission, concession, or declaration by or against the City of any fault, wrongdoing, breach, or liability. It shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the

CASE NO. 3:18-CV-00869-HZ
ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING CLASS, DIRECTING NOTICE, & SETTING FAIRNESS HEARING
Page 5
711973.4

same or similar claims.

Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

**IT IS SO ORDERED.**

Dated: 6/4/2018                    /s/ Marco Hernandez
                                   United States District Judge