Zack Duffly (OR SBN 143109)
zack@pcrlo.org
PORTLAND CIVIL RIGHTS LAW OFFICE
PO Box 82544
Portland, OR  97282
503-893-4360
503-841-6117

Attorneys for Plaintiffs
*(Additional Plaintiffs' attorneys listed on the following page)*

Tracy Reeve, OSB # 891123
Tracy.Reeve@portlandoregon.gov
J. Scott Moede OSB #934816
Scott.Moede@portlandoregon.gov
Linda Law OSB # 943660
Linda.Law@portlandoregon.gov
Kenneth McGair OSB # 990148
Ken.McGair@portlandoregon.gov
PORTLAND CITY ATTORNEY'S OFFICE
1221 SW Fourth Avenue, Room 430
Portland, OR  97204
503-823-4047

Attorneys for Defendant
*(Additional Defendant's attorneys listed on the following page)*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ALLEN HINES, TESS RAUNIG, and CAROLEZOOM, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF PORTLAND,<br><br>    Defendant. | Case No.: 3:18-cv-00869-HZ<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT** |

Linda M. Dardarian (CA SBN 131001)*
ldardarian@gbdhlegal.com
Katharine L. Fisher (CA SBN 305413)*
kfisher@gbdhlegal.com
Ginger L. Grimes (CA SBN 307168)*
ggrimes@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
510-763-9800

Timothy Fox (CO SBN 25889)*
tfox@creeclaw.org
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
104 Broadway, Suite 400
Denver, CO  80203
303-757-7901

Attorneys for Plaintiffs
*Admitted *pro hac vice*


Kymberly K. Evanson, WSBA # 39973*
kymberly.evanson@pacificalawgroup.com
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA  98101
206-245-1700

Attorneys for Defendant
*Admitted *pro hac vice*

719255.2

WHEREAS, on September 24, 2018, the Court held a hearing (the "Fairness Hearing") to determine, among other things, whether the Settlement in this action by Defendant City of Portland ("the City") and Plaintiffs Allen Hines, Tess Raunig, and CaroleZoom ("Plaintiffs"), as set forth in the Consent Decree, a copy of which is attached hereto as Exhibit 1 (the "Consent Decree"), is fair, reasonable and adequate, such that an Order of final approval should be issued and a final judgment upon said Consent Decree should be entered by the Court,

WHEREAS, the Fairness Hearing was attended by the Parties, through their respective counsel of record in this action, and by such other individuals and entities as set forth in the record in this matter, and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for the purposes of this Judgment, adopts the terms and definitions set forth in the Consent Decree.

2. The Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Settlement Class, the Consent Decree, and the City.

3. The Court finds that the notice to the Settlement Class of the pendency of this action and of the proposed Settlement was disseminated by each of the means required under the Consent Decree and the Order of this Court dated June 4, 2018, and was otherwise fully implemented.

4. The Court finds that such notice to the Settlement Class, as ordered and implemented, was reasonably calculated under the circumstances to apprise the Settlement Class Members of the pendency of this action, all material elements of the proposed Settlement, and their opportunity (a) to submit written objections to or comments on the Settlement, and (b) to

appear at the Fairness Hearing to object to or comment on the Settlement. The Notice of Settlement was reasonable and the best notice practicable to all Settlement Class Members and complied with the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. A full and fair opportunity has been afforded to the members of the Settlement Class to participate during the Fairness Hearing, and all other persons wishing to be heard have been heard. Accordingly, the Court determines that all members of the Settlement Class, as set forth below, are bound by this Judgment.

5.  No Class Member submitted an objection to the Settlement.

6.  On June 4, 2018, this Court appointed Plaintiffs as class representatives of the Settlement Class, and appointed the following counsel as Class Counsel to represent the Settlement Class: (i) Goldstein Borgen Dardarian & Ho; (ii) Civil Rights Education and Enforcement Center; and (iii) Portland Civil Rights Law Office.

7.  On June 4, 2018, this Court provisionally certified the Settlement Class based on the findings in the Order of the same date. This Court finds that the Settlement Class continues to meet the requirements for class certification under the Federal Rules of Civil Procedure and all other applicable laws and rules.

8.  In particular, the Court finds that: (a) joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions,

including those involving the sort of practices alleged in the Complaint; and (f) the City acted or refused to act on grounds that apply to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class.

9. Class certification is therefore an appropriate method for protecting the interests of the Settlement Class and resolving the common issues of fact and law arising out of the Plaintiffs' claims while also eliminating the risk of duplicative litigation. Accordingly, the Court hereby makes final its earlier provisional certification of the Settlement Class and further confirms the appointment of the Class Representatives and Class Counsel to represent the Settlement Class, as set forth above.

10. The Court grants final approval of the Settlement set forth in the Consent Decree and finds that it is fair, reasonable, adequate, and in the best interests of the Settlement Class as a whole.

11. The Court further finds that the City's Annual Commitment, which requires the installation or remediation of 18,000 curb ramps over the course of 12 years, as set forth in the Consent Decree is proper and reasonably calculated based on the available information to maintain and ensure accessibility of the pedestrian right of way located in the City of Portland to persons with Mobility Disabilities.

12. The City's Annual Report as set forth in Section V.H. of the Consent Decree shall also be filed with the Court on the same day it is provided to Class Counsel. With this addition, the Settlement shall be consummated in accordance with the terms and conditions of the Consent Decree.

13. The Class Representatives and all Settlement Class Members (and their respective heirs, assigns, successors, executors, administrators, agents and representatives) are conclusively

deemed to have released and forever discharged the City from all Released Claims as set forth in the Consent Decree. All members of the Settlement Class are bound by this Judgment.

14. The Court finds Class Counsel's requested award for attorneys' fees, expenses, and costs fair and reasonable. The Court therefore awards $334,666 to Class Counsel for fees, expenses, and costs through the Effective Date.

15. The Court finds the requested service awards for Class Representatives fair and reasonable in light of their significant contributions to the Class. The Court therefore awards $5,000 each ($15,000 total) to Plaintiffs and Class Representatives Allen Hines, Tess Raunig, and CaroleZoom.

16. The benefits described in the Consent Decree are the only consideration, fees, costs and expenses that the City shall be obligated to give to any party or entity, including without limitation the Class Representatives, Settlement Class Members, and Class Counsel in connection with the claims released in the Consent Decree and/or the payment of attorneys' fees, costs and expenses in this action.

17. The Consent Decree and this Judgment are not admissions of liability or fault by the City, or a finding of the validity of any claims in this action or of any wrongdoing or violation of law by the City. The Consent Decree is not a concession by the Parties and, to the fullest extent permitted by law, neither this Judgment, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by the City.

18. Notwithstanding the foregoing, nothing in this Judgment shall be interpreted to prohibit the use of this Judgment to consummate or enforce the Consent Decree or Judgment, or

to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

19.     In accordance with the terms of the Consent Decree, which is attached hereto, the Court reserves exclusive and continuing jurisdiction over Plaintiffs, the Settlement Class Members, the City, and the Consent Decree throughout the term of the Consent Decree, for the sole purpose of supervising the implementation, enforcement, construction, and interpretation of the Consent Decree and this Judgment.  In that regard, any challenges to the Consent Decree's terms or implementation, whether under state or federal law, shall be subject to the exclusive and continuing jurisdiction of this Court.

**IT IS SO ORDERED.**

Dated:  9/27/2018

_____
Hon. Marco A. Hernandez
United States District Judge